UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>        Plaintiff,<br><br>    v.<br><br>E. WHITE, et al.,<br><br>        Defendants. | No. 2:19-cv-1518 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on August 12, 2019. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Review of court records reveals that on at least three occasions lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted:

    Trujillo v. Sherman, 2015 WL 13049186 (E.D. Cal. 2015); Cruz v. Ruiz, 2016 WL 8999460 (E.D. Cal. 2016); and Cruz v. Gomez, 2017 WL 1355872 (E.D. Cal. 2017).[1]

---

[1] Court records reflect that plaintiff is also known as Guillermo Cruz Trujillo. The court has confirmed that the plaintiff in this action is the same plaintiff in the three actions identified as strikes in this order by relying on the California Department of Corrections and Rehabilitation number assigned to plaintiff in each action, and confirming the number is the same in each of the

1

All three of these actions were dismissed by magistrate judges for failure to state a claim upon which relief may be granted; in each case, only plaintiff had consented to proceed before a magistrate judge and the cases were dismissed before service of process on any defendant. The United States Court of Appeals for the Ninth Circuit has recently held that, although there is no longer a "dispute that a magistrate judge lacks the authority to dismiss a case unless all parties have consented to proceed before the magistrate judge," a prisoner plaintiff "cannot escape" the 28 U.S.C. § 1915(g) consequences of such a dismissal "through an untimely collateral attack." Hoffman v. Pulido, 928 F.3d 1147, 1149 (9th Cir. July 8, 2019) (citing Williams v. King, 875 F.3d 500, 504-05 (9th Cir. 2017)). Because the three cases cited above, all of which constitute strikes under 28 U.S.C. § 1915(g), are no longer pending, a challenge to the three strikes consequence of each dismissal is precluded by Hoffman.

Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In the instant complaint, plaintiff alleges that on May 16, 2011, at Folsom State Prison, defendant White authored a false rules violation report ("RVR") alleging that plaintiff inappropriately caressed White's hand while removing plaintiff's handcuffs. Plaintiff claims White issued the false RVR in retaliation for plaintiff filing a grievance against White on May 19, 2011, reporting her sexual harassment of plaintiff on that day. (ECF No. 1 at 3.) As an injury, plaintiff claims that on August 29, 2018, plaintiff was "maliciously and sadistically" the (victim) of a battery on an inmate at Kern Valley State Prison ["KVSP"] (R&R) intake holding cell[] #6." (ECF No. 1 at 3, 4.) Plaintiff alleges that as a Southern Hispanic state prisoner, a false accusation of any inappropriate contact with any correctional female officer can easily be considered a sex crime or similar infraction with the Southern Hispanic race and then be considered a "no good Southern Hispanic inmate and be targeted at any moment, as it occurred on August 29, 2018." (ECF No. 1 at 4.) Plaintiff argues that this 2011 false RVR continues to put plaintiff in "'imminent danger of serious physical injury' at any moment and at any institution plaintiff may be confined." (Id.)

---

four actions: AA-2974.

However, plaintiff's allegations of a threat of imminent danger are not plausible. Plaintiff fails to demonstrate how an assault at KVSP in 2018, over seven years after the 2011 RVR issued at Folsom State Prison, plausibly posed a risk of imminent physical danger at the time he filed the instant complaint on August 2, 2019, while now housed at North Kern State Prison ("NKSP"). While plaintiff speculates that the 2011 RVR poses an ongoing risk because he is a Southern Hispanic inmate, plaintiff alleges no facts explaining how prison staff or inmates at KVSP or NKSP would be aware of an RVR that issued in 2011 at Folsom State Prison. The court also finds implausible that a charge of inappropriately caressing an officer's hand while removing handcuffs would be considered a sex crime. Other than his generalized speculation, plaintiff points to no specific facts tying the 2018 assault with the 2011 RVR. Plaintiff provides no other specific facts identifying a current risk at NKSP, where he was housed at the time this action was filed.

The undersigned finds that plaintiff has not plausibly alleged facts suggesting that he is under imminent danger of serious physical injury. Thus, plaintiff must submit the appropriate filing fee in order to proceed with this action.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall submit, within twenty-one days from the date of this order, the appropriate filing fee. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 22, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cruz1518.1915g

3