1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GUILLERMO TRUJILLO CRUZ,                    No.  2:19-cv-1518 KJM KJN P

12               Plaintiff,

13        v.                                     FINDINGS & RECOMMENDATIONS

14   E. WHITE, et al.,

15               Defendants.

16

17        Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Review of court records reveals that on at least three occasions lawsuits filed by the

21   plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to

22   state a claim upon which relief may be granted:

23        Trujillo v. Sherman, 2015 WL 13049186 (E.D. Cal. 2015); Cruz v. Ruiz, 2016 WL

24   8999460 (E.D. Cal. 2016); and Cruz v. Gomez, 2017 WL 1355872 (E.D. Cal. 2017).[1]

25   _____

26   [1]  Court records reflect that plaintiff is also known as Guillermo Cruz Trujillo.  The court has
     confirmed that the plaintiff in this action is the same plaintiff in the three actions identified as
27   strikes in this order by relying on the California Department of Corrections and Rehabilitation
     number assigned to plaintiff in each action, and confirming the number is the same in each of the
28   four actions:  AA-2974.

                                                 1

1    All three of these actions were dismissed by magistrate judges for failure to state a claim upon

2    which relief may be granted; in each case, only plaintiff had consented to proceed before a

3    magistrate judge and the cases were dismissed before service of process on any defendant.  The

4    United States Court of Appeals for the Ninth Circuit has recently held that, although there is no

5    longer a "dispute that a magistrate judge lacks the authority to dismiss a case unless all parties

6    have consented to proceed before the magistrate judge," a prisoner plaintiff "cannot escape" the

7    28 U.S.C. § 1915(g) consequences of such a dismissal "through an untimely collateral attack."

8    Hoffman v. Pulido, 928 F.3d 1147, 1149 (9th Cir. July 8, 2019) (citing Williams v. King, 875

9    F.3d 500, 504-05 (9th Cir. 2017)).  Plaintiff's three cases cited above all constitute strikes under

10   28 U.S.C. § 1915(g), and are no longer pending.  Thus, a challenge to the three strikes

11   consequence of each dismissal is precluded by Hoffman.

12        Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless

13   plaintiff is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  In the

14   instant complaint, plaintiff alleges that on May 16, 2011, at Folsom State Prison, defendant White

15   authored a false rules violation report ("RVR") alleging that plaintiff inappropriately caressed

16   White's hand while removing plaintiff's handcuffs.  Plaintiff claims White issued the false RVR

17   in retaliation for plaintiff filing a grievance against White on May 19, 2011, reporting her sexual

18   harassment of plaintiff on that day.  (ECF No. 1 at 3.)  As an injury, plaintiff claims that on

19   August 29, 2018, plaintiff was "maliciously and sadistically" the (victim) of a battery on an

20   inmate at Kern Valley State Prison ["KVSP"] (R&R) intake holding cell[] #6."  (ECF No. 1 at 3,

21   4.)  Plaintiff alleges that as a Southern Hispanic state prisoner, a false accusation of any

22   inappropriate contact with any correctional female officer can easily be considered a sex crime or

23   similar infraction with the Southern Hispanic race and then be considered a "no good Southern

24   Hispanic inmate and be targeted at any moment, as it occurred on August 29, 2018."  (ECF No. 1

25   at 4.)  Plaintiff argues that this 2011 false RVR continues to put plaintiff in "'imminent danger of

26   serious physical injury' at any moment and at any institution plaintiff may be confined."  (Id.)

27        However, plaintiff's allegations of a threat of imminent danger are not plausible.  Plaintiff

28   fails to demonstrate how an assault at KVSP in 2018, over seven years after the 2011 RVR issued

at Folsom State Prison, plausibly posed a risk of imminent physical danger at the time he filed the instant complaint on August 2, 2019, while now housed at North Kern State Prison ("NKSP"). While plaintiff speculates that the 2011 RVR poses an ongoing risk because he is a Southern Hispanic inmate, plaintiff alleges no facts explaining how prison staff or inmates at KVSP or NKSP would be aware of an RVR that issued in 2011 at Folsom State Prison. The court also finds implausible that a charge of inappropriately caressing an officer's hand while removing handcuffs would be considered a sex crime. Other than his generalized speculation, plaintiff points to no specific facts tying the 2018 assault with the 2011 RVR. Plaintiff provides no other specific facts identifying a current risk at NKSP, where he was housed at the time this action was filed.

The undersigned finds that plaintiff has not plausibly alleged facts suggesting that he is under imminent danger of serious physical injury. Thus, plaintiff must submit the appropriate filing fee in order to proceed with this action.

On September 4, 2019, plaintiff was granted an additional thirty days in which to submit the appropriate filing fee. Plaintiff has not paid the court's filing fee.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 5, 11) be denied; and

2. This action be dismissed based on plaintiff's failure to pay the appropriate filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 31, 2019

cruz1518.1915g.fr

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE